

U.S. Department of Justice

*Andrew E. Lelling*
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*     John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

June 26, 2018

BY FEDEX

**AUTOMATIC DISCOVERY LETTER**

Joan M. Williams, Esq.
75 Market Place, Suite 366
Springfield, MA 01103

    Re:    United States v. Lorenzo Deconinck
            Case No. 18-cr-30009-FDS

Dear Counsel:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    <u>Rule 16 Materials</u>

1.    <u>Statements of Defendant under Rule 16(a)(1)(A) & (a)(1)(B)</u>

    a.    <u>Written Statements</u>

Enclosed are the following relevant written statements made by the defendant in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

- DEA recovered text and/or Whatsapp messages exchanged between the defendant and D. Cruz from the former's cellular phone (413) 777-0772 (see discovery log section titled Search of (413) 777-0772) for corresponding Bates numbered documents. To the extent that those messages were translated from the original Spanish, please see DEA_0000742 to DEA_0000791.

- Text messages written by the defendant were intercepted pursuant to Title III court

authorization (see below for more details).  These text messages were disclosed on April 30, 2018 on Disks 4 through 7.

- The defendant consented to the photographing of a limited number of text messages by the defendant by Vermont State Police on March 21, 2018.  Those photographs were disclosed on Disk 9 on May 29, 2018.

   b.   Recorded Statements

Copies of court-authorized interceptions of the defendant's phone calls were disclosed on April 30, 2018.  The Title III interceptions relating to this case are described in greater detail below.  Additional consensual recordings of the defendant were disclosed on Disk 9 on May 29, 2018 (please see Discovery Log for more detail).

   c.   Grand Jury Testimony of the Defendant

The defendant did not testify before a grand jury in relation to this case.

   d.   Oral Statements to Then Known Government Agents

The following documents are enclosed:

- See Disk 9 disclosed on May 29, 2018;

- The defendant made statements to the law enforcement in Vermont in or about June 2016 following the arrest of his ex-wife, Kahla Gharouni.  Those statements are memorialized in the reports relating to Ms. Gharouni, which are memorialized in enclosed incident logs (see VSP_0000031 to VSP_0000123); and

- The defendant also made statements to Vermont State Police on or about January 23, 2018 in relation to a dispute between the defendant and co-defendant Juan Ramos.  Those statements were memorialized in enclosed reports (see VSP_0000001 to VSP_00000008 and VSP_0000128 to VSP_0000143.

2. Defendant's Prior Record under Rule 16 (a)(1)(D)

A copy of the defendant's prior criminal record was produced on April 30, 2018.

3. Documents and Tangible Objects under Rule 16(a)(1)(E)

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

Please see the enclosed discovery log for a list of items disclosed to defendant in this and all prior productions, including the April 30, 2018 production. Items enclosed are highlighted in yellow and items previously produced are not highlighted.

Additionally, the following materials not previously produced are available for review at the U.S. Attorney's Office or DEA upon request:

- Materials seized from David Cruz's Ford Windstar and apartment at 97 Elm Street, Westfield, MA, on September 12, 2016. Select items have been scanned and were produced on April 30, 2018 (see WINDSTAR_0000001 to WINDSTAR_0000116);

- Records from the Massachusetts Registry of Motor Vehicles. Select items have been scanned and are enclosed (see MARMV_0000001 to MARMV_0000124);

- Materials seized during the search of the following locations on March 21, 2018: 71 Milford Street, Springfield, MA, 148 Enfield Street, Enfield, CT, and 1652 Berlin Turnpike, Wethersfield, MA;

- Criminal histories of individuals named as targets in the Title III affidavits and applications as summarized therein;

- Surveillance footage from the Marriott Hotel and Spa, Las Vegas, NV, on August 23 and 24, 2016;

- Consensually recorded jail calls of Hampden County Sheriff's Office inmates C. Harrington and L. Alicea-Aponte in 2016;

- Records relating to the prior federal prosecutions by this Office of David Cruz and Miguel Betancourt (Case No. 95-CR-30039), Rafael Cardona Sr. (Case Nos. 00-CR-30011 and 99-CR-30034), Lawon Baulkman (Case No. 09-CR-30034), and Carlos Mares (Case No. 02-CR-30002);

- Records relating to the defendant's prior federal prosecution in the District of Maine (Case No. 02-CR-127); and

- Certain documents relating to cooperating witnesses in this case that will be produced once the attached Confidentiality Agreement dated June 22, 2018 has been executed and returned to the undersigned.

The government is continuing to aggregate telephone toll records and cellular information data related to this case. The government will disclose copies of the records in a subsequent disclosure production.

Additionally, agents seized a cellular phone from defendant upon his arrest on March 21, 2018.

3

4. <u>Reports of Examinations and Tests under Rule 16 (a)(1)(F)</u>

Enclosed are the following documents:

- Cellbrite examination of D. Cruz's cellular phone (413) 777-0772 (0772PHONE_0000329 to 0772PHONE_0000717);

- Interstate nexus examination of Ruger pistol recovered from D. Cruz's vehicle on September 12, 2016 (ATF_0000006 to ATF_0000007);

- Massachusetts State Police finger print and DNA examinations (see MSP_0000001 to MSP_0000003 and MSP_0000010 to MSP_0000012); and

- DEA Laboratory drug analyses (see DEA_0000240 to DEA_0000242).

B. <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

A search warrant was executed at the following locations on March 21, 2018: 71 Milford Street, Springfield, MA (18-MJ-3041); 148 Enfield Street, Enfield, CT (18-MJ-506 (D. Conn.)); and 1652 Berlin Turnpike, Wethersfield, CT (18-MJ-506 (D. Conn.)). Copies of the search warrants, applications, and affidavits are enclosed (see Discovery Log).

Search warrants for GPS tracking devices were obtained for the Nissan Juke and Ford Windstar in Massachusetts on August 12, 2016 (16-MJ-3144 and 16-MJ-3145, respectively) and for the Nissan Juke in the Southern District of California on August 24, 2016 (16-MJ-942). The warrants to affix and use the GPS tracking devices in Massachusetts were never executed; the GPS tracking device was installed on the Nissan Juke in San Diego, CA, on August 24, 2016 and removed on September 9, 2016. Copies of the search warrants, applications, and affidavits are enclosed (see Discovery Log).

Search warrants for location information relating to the following cellular phones were obtained on the dates listed below:

| MJ No. | Phone | Date |
|---|---|---|
| 16-3118 | (413) 686-7334 | 7.11.16 |
| 16-3121 | (413) 686-4209 | 7.11.16 |
| 16-3142 | (413) 777-0772 | 8.10.15 |
| 16-3076 | (413) 777-1823 | 4.28.16 |
| 16-3094 | (413) 657-5385 | 5.16.15 |
| 16-3149 | (860) 997-5810 | 8.19.16 |
| 16-3075 | (413) 204-3199 | 4.28.16 |
| 16-3077 | (413) 777-3204 | 4.25.16 |
| 16-3137 | (951) 581-3192 | 8.04.16 |

Copies of the search warrants, applications, and affidavits are enclosed (see Discovery Log).

DEA conducted consent searches of D. Cruz's apartment at 97 Elm Street, Westfield, MA, and of his Ford Windstar minivan on September 12, 2016. Enclosed are DEA and Westfield Police Department reports describing those searches. Copies of the written Consent to Search forms obtained in relation to the above searches were previously disclosed on the flash drive disclosed on April 30, 2018.

C.      Electronic Surveillance under Local Rule 116.1(C)(1)(c)

Wire and electronic communications, as defined in 18 U.S.C. § 2510, of the defendant relating to the charges in the indictment were intercepted pursuant to court-authorized electronic surveillance. The following chart lists the dates, authorizing judges and courts, phone numbers, and periods of authorization of the authorizing orders:

| Authorizing Judge/Court | Phone/Authorized Communication (wire and/or electronic) | Date of Order | Period of Authorized Interception |
|---|---|---|---|
| District Court Judge Timothy S. Hillman (D. Mass.) | (413) 686-4209 (w&e) | 7/25/16 | 30 Days |
| District Court Judge Timothy S. Hillman (D. Mass.) | (413) 777-0772 (w&e) | 8/25/16 | 30 Days |

The government intends to offer communications of the defendant intercepted pursuant to this order as evidence in its case-in-chief.

A copy of the applications for authorization to intercept communications relating to the charges contained in the indictment in which the defendant was named as an interceptee and/or pursuant to which the defendant was intercepted were disclosed on the flash drive produced on April 30, 2018. Copies of the supporting affidavits, court orders authorizing the interceptions, and, where relevant, the court orders directing the sealing of intercepted communications under 18 U.S.C. § 2518(a) also are contained on the flash drive previously disclosed on April 30, 2018 (see Discovery Log).

D.      Consensual Interceptions under Local Rule 116.1(C)(1)(d)

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief is set forth below (see also Discovery Log for corresponding Bates numbers):

- July 23, 2016 consensually recorded call between Victor Gonzalez and a Southwest Airlines customer service representative. This call is primarily in English (see enclosed AIRLINES_0000139);

5

- November 27, 2018 consensually recorded in-person meeting between a Vermont State Police cooperating witness and Juan Ramos at his residence in Wardsboro, VT, enclosed as Disk 10. These recordings are primarily in English.

- March 21 and 29, 2018 consensually recorded in-person meetings involving Lorenzo Deconinck as disclosed on Disk 9 on May 29, 2018. These recordings are primarily in English.

E.     Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

The names of known unindicted coconspirators as to the conspiracy charged in Count One of the indictment are set forth in a separate letter, dated June 22, 2018, to defense counsel and will be filed under seal with the court.

F.     Identifications under Local Rule 116.1(C)(1)(f)

The defendant was a subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving an array of photographs displayed to the witness one at a time. A copy of the photo array used in the identification procedure, the instructions describing the identification procedure, and a report memorializing the identification procedure is enclosed (see Discovery Log for exact Bates numbers).

G.     Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.     The government is aware of the following information that would tend directly to negate the defendant's guilt concerning any count in the indictment: see Section F above regarding identifications.

2.     The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.     Please see attached letter dated June 22, 2018 regarding promises, rewards, or inducements that have been given to witnesses whom the government anticipates calling in its case-in-chief.

4.     Please see attached letter dated June 22, 2018 regarding criminal convictions of named case-in-chief witnesses who have a criminal record.

5.     Please see attached letter dated June 22, 2018 regarding a named case-in-chief witness who has a pending criminal case.

6.     The following percipient witness failed to make a positive identification of a

defendant with respect to the crimes at issue: David Cruz (see Section F above regarding identifications).

H.      Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure. For example, as stated above, the government is continuing to aggregate additional telephone records and phone location information data, which will be disclosed when it becomes available.

Please note that personal identifying information ("PII") such as social security numbers and dates of birth have been redacted from the disclosed materials, including from Excel workbooks produced by Western Union and MoneyGram. Additionally, certain personal and explicit communications on cellular phone (413) 777-0772 have been redacted. Please contact the undersigned if you have any questions regarding these redactions.

As stated above and in the attached June 22, 2018 letter regarding cooperating witnesses in this case, the government is prepared to disclose certain materials relating to the cooperating witnesses in this case pursuant to a non-disclosure agreement. A proposed Confidentiality Agreement is enclosed.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

**ENCRYPTION NOTICE** The enclosed flash drive contains one or more encrypted zip files. The password for the encrypted zip file will be emailed to you separately. Additionally, two of the Excel spreadsheets contained on the flash drive (MISC_0000804 and MISC_0000805) are encrypted. The passwords for those two files will likewise be emailed separately. In the past, counsel have had difficulties unzipping and/or decrypting the zipped files. My assistant, Camelia Barrows at (413) 785-0235, and I would be happy to help access the files should you have any difficulties. To that end, we intend to set up two hour-long sessions at the U.S. Attorney's Office when we will be available to assist in person and/or provide a demonstration of how to access the files. Details regarding the times and dates of these sessions will be sent by email along with the above-described passwords. During these sessions, please feel free to bring your laptop and any discovery that you are having difficulty accessing, and we will assist. In the past counsel have not notified us of difficulties accessing the materials until shortly before deadlines. <u>Please take the time to access the enclosed discovery and confirm that you can do so at your earliest convenience so that we can assist you if necessary well in advance of any pending deadlines.</u>

Please call the undersigned Assistant U.S. Attorney at (413) 785-0111 if you have any questions.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By: */s/ Katharine A. Wagner*
KATHARINE A. WAGNER
Assistant U.S. Attorney

Enclosures: Letter dated 6/22/2018 regarding unindicted co-conspirators; Letter dated 6/22/2018 regarding cooperating witnesses; Confidentiality Agreement dated 6/22/2018; Discovery Log dated 6/25/2018; one flash drive; one disk labeled Disk 10

cc: Melissa Calderon
Clerk to the Honorable Katherine A. Robertson, Magistrate Judge
(w/o enclosures)

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By: */s/ Katharine A. Wagner*
Katharine A. Wagner
Assistant U.S. Attorney

Dated: August 2, 2018