UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| LORENZO DECONINCK, and ) | Crim. No. 18-CR-30009-FDS |
| JUAN RAMOS, ) | |
| a/k/a "Gordo," ) | |
| a/k/a "Jose," ) | |
| ) | |
| DEFENDANTS. ) | |

## JOINT INTERIM STATUS CONFERENCE MEMORANDUM

The United States of America, by and through its attorneys, United States Attorney Andrew E. Lelling and Assistant United States Attorney Katharine A. Wagner, and defendant, Lorenzo Deconinck, by and through his attorneys, Joan Williams, Esq., submit this memorandum to address the issues delineated in Local Rule 116.5(B)(1)–(10).

1. The government has made its automatic disclosures, and the defense is reviewing the discovery materials. The government is collecting additional phone records and will disclose those records as soon as possible.

2. There are no pending discovery requests at this time, but the parties reserve the right to make such requests in the future. Defense counsel is reviewing the large volume of discovery produced thus far in this matter to determine whether any such requests would be appropriate. The parties respectfully request that the Court extend the deadline for the filing of discovery requests due to the volume and complexity of the discovery materials in this case.

3. The government will provide discovery in response to any future request according to the Local Rules and pursuant to the Federal Rules of Criminal Procedure, including any supplemental discovery if any additional materials are obtained.

4. There are no discovery requests at this time, but the parties reserve the right to make such requests in the future.

5. Defense counsel for defendant Lorenzo Deconinck has executed the government's proposed confidentiality agreement with respect to sensitive materials relating to the cooperating witness in this case, and the government has provided materials to defendant Lorenzo Deconinck pursuant to that agreement. The government will provide these same materials to defendant Juan Ramos upon execution of the confidentiality agreement, which the government understands is forthcoming. Accordingly, the parties agree that no protective orders are necessary at this time.

6. The defendants are reviewing the discovery materials to determine whether any motion under Federal Rule of Criminal Procedure 12(b) would be appropriate and reserve the right to make such requests in the future.

7. The parties do not expect any additional expert disclosures at this time. The government has disclosed the drug testing performed by the DEA's Northeast Drug Laboratory (dated June 28, 2017) and Southwest Laboratory (two dated September 15, 2016). The government anticipates that it may call one or more DEA expert on drug distribution in and around the Springfield and Vermont areas and regarding Mexican drug trafficking organizations exporting cocaine to California. The government will make appropriate disclosures regarding any such expert witnesses at a later date. The defendants do not anticipate calling expert witnesses at trial at this time.

8. The defendants do not anticipate pursuing a defense of insanity, public authority, or alibi at this time.

9. If the case were to proceed to the trial, the parties estimate the length to be one week.

10. The parties request that the Court enter an order of excludable delay under the Speedy Trial Act for the following period: from September 6, 2018 until the date of the next hearing. The continuance is necessary to allow the defense time to review the produced discovery, for the defense to decide whether to make additional discovery requests and/or to file dispositive motions, and for the government to respond to any requests or motions filed by the defendant. This exclusion would serve the "ends of justice" within the meaning of 18 U.S.C. § 3161(h)(7)(A) and are authorized by Local Rule 112.2. A proposed order is attached.

11. Due to the volume of discovery, the parties request that an additional interim status conference be set for 90 days after the September 6, 2018 interim status conference.

Respectfully submitted,

| | |
|---|---|
| ANDREW E. LELLING<br>UNITED STATES ATTORNEY | */s/ Joan Williams, Esq.*<br>JOAN WILLIAMS, ESQ.<br>75 Market Place, Ste. 366 |
| */s/ Katharine A. Wagner*<br>KATHARINE A. WAGNER<br>Assistant United States Attorney | Springfield, MA 01103<br><br>Counsel for Lorenzo Deconinck |
| Counsel for the United States | |

Submitted: August 31, 2018

## Certificate of Service

August 31, 2018

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

      By:    */s/ Katharine A. Wagner*
               KATHARINE A. WAGNER
               Assistant United States Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| LORENZO DECONINCK, and ) | Crim. No. 18-CR-30009-FDS |
| JUAN RAMOS, ) | |
| a/k/a "Gordo," ) | |
| a/k/a "Jose," ) | |
| ) | |
| DEFENDANTS. ) | |

**<u>ORDER OF EXCLUDABLE DELAY</u>**

KATHERINE A. ROBERTSON, U.S. MAGISTRATE JUDGE:

The Court finds that the following time period excludable from the calculation of the time within which trial in this matter must begin pursuant to the Speedy Trial Act:

All time from September 6, 2018 until the date of the next hearing in this case, _____. The Court finds this period excludable on the ground that the ends of justice served by granting the continuances outweigh the best interests of the public and the defendants in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A) and Local Rule 112.2. This exclusion would serve the "ends of justice" within the meaning of 18 U.S.C. 3161(h)(7)(A) as it would allow the defense time to review the produced discovery, for the defense to decide